MATEJ v. INDIA RUBBER & GUTTA PERCHA INSULATING CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

MASTER AND SERVANT (§ 278*)—FAILURE TO INSTRUCT SERVANT—SUFFICIENCY OF EVIDENCE.

In an action for injuries to an employé, caused by his hand being drawn between rollers on a machine to prepare rubber, evidence considered, and *held* to sustain a verdict for plaintiff on the theory that he was not sufficiently instructed as to the dangers incident to the operation of the machine.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

Appeal from Trial Term, Westchester County.

Action by John Matej against the India Rubber & Gutta Percha Insulating Company. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

William L. Kiefer, for appellant.

Alvin C. Cass, for respondent.

WOODWARD, J. This is an action for damages for personal injuries. There is evidence in the case which would justify the jury in finding that the plaintiff, an ignorant Pole, was put to work on a machine used for crushing and amalgamating the various materials used in commercially preparing rubber, without having sufficient instruction to enable him to appreciate the dangers to which he was exposed. While it is true that the evidence indicates that the machine was simple in construction, being merely a pair of rollers turned at different speed, the rollers being hollow cylinders supplied with steam or water on the inside, as occasion required, the danger which was to be apprehended, and which actually developed, grew out of the fact that the rubber materials, when passing between these rollers, gradually became heated to such an extent that the rubber became sticky, and the plaintiff, while operating the machine in the ordinary way, got his hands caught in the sticky rubber, and before he could extricate himself one of his hands was drawn between these rollers, and he sustained the injuries for which the jury has awarded him a substantial verdict.

The evidence indicated that the plaintiff had never been instructed, and had not had sufficient practical experience to know the chemical changes which the rubber underwent in the process; that he had never been told that the water equipment was there for the purpose of preventing the overheating of the material, and so he was exposed to a danger which was latent, and which the master was bound to know and to discover to him. There was a conflict of evidence upon all of the material issues, but there was evidence sufficient to support the plaintiff's theory of the case; and, the questions having been submitted to the jury upon a charge to which no exception survives, there is no reason for this court to interfere with the verdict.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.